

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

> Opinion No. 0-3370
> Re: Qualification of school trustee
> as affected by temporarily liv-
> ing out of district.

We are in receipt of your recent request for an opinion in which you submit the following questions:

"Was the President of the School Board dis-qualified and was his office vacated when he moved from the District even though he intends to move back to the District in about six months?

"Since he is living at the present time in an-other County and another School District but intends to return to this District in about six months, could he be elected to the School Board for the ensuing term."

The facts set out in your letter are as follows:

"A man who was President of the School Board of an independent school district of less than 500 scholastics married and moved to an adjoining county where his wife is employed and they have bought furni-ture, furnished an apartment and live there. He returns occasionally to the school district of prior residence to direct operations of a farm owned there, also he transacts business in the county of his new residence. He intends to move back to the school district of prior residence next fall and he will probably be reelected a trustee this month."

Section XIV, Article 16 of the Constitution of Texas reads:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

The determination of a person's residence is largely dependent upon the intention of the person in question, to be determined, not only by his express intentions, but by the facts and circumstances, and resolves itself into a question of fact.  In our opinion No. O-1534, a copy of which is enclosed herewith, there was before us the question of the residence of a common school district trustee in which we ruled:

"It is our opinion that if the common school district trustee in question moved out of the common school district under such facts and circumstances as to relinquish his residence therein, the office of school trustee which he held was thereby vacated.  However, if said trustee left the district only temporarily with no intention to change his residence, such intention being supported by the facts and circumstances, the office of school trustee held by him would not by that fact alone become vacant."

The reported authorities are abundant to the effect that a mere temporary absence from a person's established residence coupled with the intention to return does not work a forfeiture of his original residence and establish a new residence.

As we understand the facts presented in your letter of request, the school trustee in question has no intention to relinquish his original residence but is merely temporarily living in an adjoining county and will return to his original residence next fall.  Facts showing an intention to abandon or relinquish his office do not appear in your letter.

Under the facts, as understood by us, it is our opinion that the school trustee in question has not vacated his office and is not disqualified from being elected to the school board for the ensuing term.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    /s/ Cecil B. Cammack
            Cecil C. Cammack
                  Assistant

APPROVED MAY 14, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

CCC:AMM:mjs
ENCLOSURE

APPROVED OPINION COMMITTEE
BY /s/ GRL CHAIRMAN